IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD S. CURTIN,              )
                               )
               Plaintiff,      )
                               )
        v.                     )
                               )  Civil Action No. 10-334
MICHAEL J. ASTRUE,             )
COMMISSIONER OF                )
SOCIAL SECURITY,               )
                               )
               Defendant.      )


MEMORANDUM JUDGMENT ORDER


AND NOW, this 10th day of March, 2011, upon due consideration

of the parties' cross-motions for summary judgment pursuant to

plaintiff's request for review of the decision of the Commissioner

of Social Security ("Commissioner") denying his application for

disability insurance benefits ("DIB") under Title II of the Social

Security Act ("Act"), IT IS ORDERED that the Commissioner's motion

for summary judgment (Document No. 10) be, and the same hereby is,

granted and plaintiff's motion for summary judgment (Document No.

8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an

obligation to weigh all of the facts and evidence of record and

may reject or discount any evidence if the ALJ explains the

reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d

Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry

AO 72
(Rev. 8/82)

differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his application for DIB on July 31, 2006, alleging disability beginning September 15, 2005, due to a heart condition, diabetes, sleep apnea and depression. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on May 7, 2008. On August 5, 2008, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on February 17, 2010, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 39 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Although plaintiff has past relevant work experience as a quality control inspector in a factory, he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the

AO 72
(Rev. 8/82)

meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of coronary artery disease with status post myocardial infarction and stenting, sleep apnea, depression and arthritis in his hips, knees, legs and feet, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with a number of additional limitations. Plaintiff is limited to occasional balancing, kneeling, stooping, crouching, crawling and climbing ramps and stairs. In addition, he is limited simple, routine, repetitive tasks that are not performed in a fast-paced production environment and that involve only simple work-related decisions and relatively few work place changes. Plaintiff also is restricted to work that does not involve high levels of stress and that does not involve close supervision or interaction with co-workers. Finally, plaintiff requires work that involves only incidental interaction with the general public (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational

adjustment to other work that exists in significant numbers in the national economy, such as a dietary aide, gate guard, folder, surveillance system monitor, call-out operator or packer. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520(a)(4). If the claimant is found disabled or not disabled at any step, further

AO 72
(Rev. 8/82)

inquiry is unnecessary.  Id.

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process.  At step 3, plaintiff argues that the ALJ erred by concluding that certain of his impairments do not meet or equal any listing in Appendix 1.  Further, plaintiff claims the ALJ's step 5 finding that he retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence.  The court finds these arguments lack merit.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process.  At step 3, the ALJ must determine whether the claimant's impairments meet or equal one of the listed impairments.  Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000).  The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity.  20 C.F.R. §404.1525(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000).  "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary."  Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment.  Id. at 120 n.2.  However, it is the claimant's burden to present medical findings that show his impairment matches or is equivalent to a listed impairment.  Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992).  In determining whether the claimant's

impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. Burnett, 220 F.2d at 119.

According to plaintiff, the ALJ erred in failing to find that he meets or equals listing 4.04C for ischemic heart disease and listing 12.04 for affective disorders. Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffers from coronary artery disease with status post myocardial infarction and stenting, sleep apnea, depression and arthritis in his hips, knees, legs and feet, all of which are severe impairments. However, the ALJ determined that plaintiff's impairments, even when considered in combination, do not meet or equal any listed impairment. The ALJ's decision indicates that he considered the listings contained in sections 1.00, 4.04 and 12.04, but he found that plaintiff's conditions do not satisfy all of the criteria of those listings. (R. 11-13). The ALJ then explained why plaintiff's impairments do not meet or equal any listing. (R. 12).

The ALJ satisfied his burden; however, plaintiff failed to sustain his burden of showing that his impairments meet, or are equal to, a listing. Plaintiff's argument that he meets listing 4.04C hinges on his reliance of Dr. Diana Cantellops' opinion, which as discussed below, is not entitled to controlling weight. Similarly, plaintiff's contention that he meets listing 12.04 relies on the opinion of therapist Sherry Edinger, which also is

AO 72
(Rev. 8/82)

not entitled to controlling weight as explained below. For these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because: (1) he did not give appropriate weight to the opinions of plaintiff's treatment providers; and (2) he did not properly evaluate plaintiff's credibility. The court finds that these arguments lack merit for the reasons explained below.

Plaintiff first contends that the ALJ erred by giving inadequate weight to the respective opinion of Dr. Diana Cantellops, Dr. Ivan Tarkin and therapist Sherry Edinger. Plaintiff is incorrect.

Plaintiff initially claims that the ALJ erred by giving

AO 72
(Rev. 8/82)

inadequate weight to the opinion of Dr. Cantellops, who treated him for coronary artery disease. A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §404.1527(d)(2). Under this standard, Dr. Cantellops' opinion was not entitled to controlling weight.

Dr. Cantellops completed a form entitled "Listing of Impairments 4.04 Ischemic Heart Disease" on which she was asked to check a box to indicate whether or not plaintiff met that listing. (R. 315). Dr. Cantellops checked "yes" on the form and wrote that plaintiff had a history of coronary artery disease. Plaintiff argues that the ALJ improperly discounted Dr. Cantellops' opinion by concluding that he does not meet listing 4.04C.

To satisfy the requirements of listing 4.04C, plaintiff must demonstrate coronary artery disease with angiographic evidence showing narrowing of a coronary artery and very serious limitations in the ability to independently initiate, sustain or complete activities of daily living. As the ALJ explained in his decision, he relied on Dr. Cantellops' opinion that plaintiff satisfies the first requirement of listing 4.04C. (R. 12). However, as the ALJ further explained, plaintiff does not meet the second requirement of that listing because he does not have very serious limitations in the ability to initiate, sustain or complete activities of daily living. (R. 12). The ALJ explained

AO 72
(Rev. 8/82)

the reasons why plaintiff does not meet the second requirement of listing 4.04C, (R. 12), and after reviewing the record, the court is satisfied that those reasons are supported by substantial evidence.[1] Moreover, the court notes that Dr. Cantellops' opinion was silent as to whether plaintiff had any limitations in activities of daily living. For these reasons, the ALJ properly considered Dr. Cantellops' opinion in making his step 3 finding, but properly concluded it was not entitled to controlling weight.

The ALJ likewise properly rejected Dr. Tarkin's opinion that plaintiff was limited to performing less than sedentary work. Dr. Tarkin's restrictive assessment of plaintiff's capabilities was set forth on a form report entitled "Job Capabilities and Restrictions." Dr. Tarkin simply checked a box to indicated that plaintiff was limited to less than sedentary work, with only the notation "multiple severe orthopedic injuries" to support his opinion. (R. 310). However, contrary to his restrictive assessment on the form report, Dr. Tarkin indicated in his progress notes that his physical examination of plaintiff revealed "some mild discomfort on range of motion of the right hip, but nothing severe," both knees were stable and non-tender to

---

[1]The ALJ found that plaintiff does not have very serious limitations on activities of daily living because Dr. Estrada reported that he had symptoms only with heavy physical activity, (R. 270), and Dr. Brown reported that he could walk two miles a day on a treadmill and could perform normal activities, such as mowing his lawn. (R. 12, 322-23). Further, the ALJ noted that these reports are consistent with plaintiff's own testimony that he was able to hunt, cook, shop, drive a car, mow the lawn and occasionally do laundry. (R. 12, 47, 138-39).

AO 72
(Rev. 8/82)

palpation, and both feet had full range of motion. (R. 398).
Further, as the ALJ correctly noted in his decision, Dr. Tarkin's
opinion also was contradicted by Dr. Brown's treatment notes.
Accordingly, plaintiff's argument that the ALJ failed to properly
assess Dr. Tarkin's opinion lacks merit.

Similarly, plaintiff's contention that the ALJ did not give
appropriate weight to the opinion of Ms. Edinger, a mental health
therapist, also is without merit. The ALJ must consider all
relevant evidence from "acceptable medical sources," which include
licensed physicians, psychologists, optometrists and podiatrists,
as well as qualified speech pathologists. 20 C.F.R. §404.1513(a).
The ALJ also may consider other opinions about a claimant's
disability from individuals who are not deemed an "acceptable
medical source," such as a therapist like Ms. Edinger. See 20
C.F.R. §404.1513(d)(1) (stating that the Commissioner may use
evidence from "other sources" including, inter alia, therapists).
However, a mental health therapist's opinion is not entitled to
controlling weight. See Hartranft v. Apfel, 181 F.3d 358, 361 (3d
Cir. 1999).

In addition to the fact that Ms. Edinger was not an
"acceptable medical source," she provided contradictory
assessments of plaintiff's capabilities on two separate form
reports that she completed. On one form report, Ms. Edinger
indicated that plaintiff had the capacity to make occupational and
personal/social adjustments, and he could understand, remember and
carry out simple job instructions. (R. 307-308). In contrast,

Ms. Edinger concluded on another form report that plaintiff had marked restrictions in activities of daily living, marked difficulties in social functioning and marked difficulties in maintaining concentration, persistence and pace, thereby suggesting that he meets listing 12.04 for affective disorders. (R. 306). In addition to that inconsistency, Ms. Edinger's opinion that plaintiff meets listing 12.04 also is inconsistent with Dr. Ronald McFadden's psychological evaluation of plaintiff. Dr. McFadden stated that plaintiff's main reason for seeking treatment was because of family tension. (R. 273). Dr. McFadden reported that plaintiff was alert, oriented, calm and pleasant, his thoughts were organized and goal directed, his memory was intact and his judgment and insight were preserved. (R. 274). Overall, Dr. McFadden's evaluation of plaintiff was unremarkable. (R. 273-75). For this reason, as well as those discussed above, Ms. Edinger's opinion suggesting that plaintiff meets listing 12.04 was not entitled to controlling weight.

Plaintiff next claims that the ALJ erred in evaluating his subjective complaints regarding his impairments and resulting limitations. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §404.1529(c); Hartranft, 181 F.3d at 362. An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ properly analyzed plaintiff's

AO 72
(Rev. 8/82)

subjective complaints, and he explained why he found plaintiff's testimony not entirely credible.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, the extent of his treatment, plaintiff's own statements about his symptoms and statements by his treatment providers about his symptoms and how they affect him. See 20 C.F.R. §§404.1529(c)(1) and (c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §404.1529(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding his limitations was not entirely credible. (R. 14). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision, (R. 14-17), and is satisfied that such determination is supported by substantial evidence.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial

AO 72
(Rev. 8/82)

evidence and are not otherwise erroneous. Therefore, the decision

of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge


cc:   Terry K. Wheeler, Esq.
      56 Clinton Street
      Greenville, PA 16125

      Christy Wiegand
      Assistant U.S. Attorney
      700 Grant Street
      Suite 4000
      Pittsburgh, PA 15219

AO 72
(Rev. 8/82)